SUMMARY ORDER

Spiro Lamaj, a native and citizen of Albania, seeks review of a March 26, 2008 order of the BIA affirming the October 23, 2006 decision of Immigration Judge (“IJ”) Michael W. Straus, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Spiro Lamaj et *50 al., Nos. A098 981 948, A098 981 949, A098 981 950, A098 981 951, A098 981 952 (B.I.A. Mar. 26, 2008), aff'g Nos. A98 918 948, A098 981 949, A098 981 950, A098 981 951, A098 981 952 (Immig. Ct. Hartford Oct. 28, 2006). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
When the BIA does not expressly “adopt” the IJ’s decision, but its brief opinion closely tracks the IJ’s reasoning, the Court may consider both the IJ’s and the BIA’s opinions for the sake of completeness if doing so does not affect the Court’s ultimate conclusion. See Jigme Wangchuck v. Dep’t of Homeland Sec., 448 F.3d 524, 528 (2d Cir.2006). We review the agency’s factual findings under the substantial evidence standard. See 8 U.S.C. § 1252(b)(4)(B); Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008). We review de novo questions of law and the application of law to undisputed fact. See, e.g., Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).
We find that substantial evidence supports the agency’s conclusion that conditions in Albania have fundamentally changed such that Lamaj does not have a well-founded fear of persecution. See 8 C.F.R. § 1208.13(b)(1)(i); see also Hoxhallari v. Gonzales, 468 F.3d 179, 187 (2d Cir.2006) (per curiam) (affirming agency’s finding that an applicant was ineligible for asylum and withholding of removal based on material political changes in Albania). Lamaj acknowledges that the Democratic Party, of which he is a member, presently controls the Albanian government. Further, as the IJ noted, the 2006 State Department Report on Profile of Asylum Claims and Country Conditions reports no indications of systematic political persecution in Albania at the present time. Moreover, the agency properly recognized that there was no evidence that Lamaj would be targeted for persecution as a Democratic Party member, and Lamaj himself points to no evidence compelling a contrary conclusion. Therefore, we will not disturb the agency’s decision. See 8 U.S.C. § 1252(b)(4)(B). Under these circumstances, the agency properly denied Lamaj’s claims for asylum and withholding of removal. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006) (noting a withholding claim necessarily fails if applicant is unable to show objective likelihood of persecution needed to make out an asylum claim).
The agency also did not err in concluding that Lamaj had not suffered the severity of persecution necessary to warrant a grant of “humanitarian asylum” under 8 C.F.R. § 1208.13(b)(l)(iii). It is clear that Lamaj’s past persecution, which includes a verbal threat and several anonymous threatening phone calls, two physical assaults, and an assault on Lamaj’s son, does not rise to the extreme level required for humanitarian asylum. Compare Matter of Chen, 20 I. & N. Dec. 16 (B.I.A.1989) (humanitarian asylum granted where applicant’s father was imprisoned, dragged through the street over fifty times, required to write daily confessions of his crimes, and badly burned when pushed into a bonfire of Bibles, and applicant imprisoned for over six months, kept out of school, repeatedly interrogated, kicked, bitten, and denied food) with Matter of N-M-A-, 22 I. & N. Dec. 312 (B.I.A.1998) (denying humanitarian asylum to applicant who had been detained and beaten for a month, and whose father had disappeared and was thought to be dead); cf. Jalloh v. Gonzales, 498 F.3d 148, 151-52 (2d Cir.2007). Accordingly, the agency did not err in denying humanitarian asylum.
Finally, the agency did not err in denying relief under the CAT. The agency properly noted that there was no evidence *51 in the record that Lamaj would be subjected to torture upon his return to Albania. While Lamaj argues that he established that government officials would know or be willfully blind to his torture upon return to Albania, he cites no evidence in the record to support his argument. As a result, the agency did not err in finding that Lamaj was ineligible for relief under the CAT.
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.